UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAUL HERNANDEZ, et al.,<br><br>　　　　Defendants. | No. 1:24-cv-00989-KES0SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR REMAND AND REQUEST FOR RECUSAL BE DENIED<br><br>(ECF No. 8) |

On August 21, 2024, Defendants filed a notice of removal from the Kern County Superior Court.

On September 9, 2024, Plaintiff filed a request to remand the action back to the Kern County Superior Court. (ECF No. 8.) Within Plaintiff's request for remand, Plaintiff also seeks to excuse the assigned Magistrate Judge to this action. (Id. at 2.) Defendants filed an opposition on October 9, 2024. (ECF No. 11.) Plaintiff has not yet had an opportunity to respond to Defendants' opposition, but the Court finds a reply unnecessary. Accordingly, Plaintiff's motion is deemed submitted. Local Rule 230(l).

**I.**

**DISCUSSION**

**A.     Request to Excuse Assigned Magistrate Judge**

Federal law allows a judge to recuse from a matter based on a question of partiality:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. He shall also disqualify himself ... [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....

28 U.S.C. 455(a), (b)(1).

A party may seek recusal of a judge based on bias or prejudice:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding ... The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists[.]

28 U.S.C. § 144.

Relief under Section 144 is conditioned upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under Section 144 and must assign a different judge to hear the matter. See 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  Nevertheless, where the affidavit lacks sufficiency, the judge at whom the motion is directed can determine the matter and deny recusal. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)); United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995) (if the affidavit is legally insufficient, then recusal can be denied).

The standard for legal sufficiency under Sections 144 and 455 is " 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source. Sibla, 624 F.2d 864, 869. A judge's previous adverse rulings alone are not sufficient for recusal. Nelson, 718 F.2d at 321.

In his request for remand, Plaintiff objects to the removal of this action from state court because "the federal district court … has judicial 'bias' and 'prejudice' …."  (ECF No. 8 at 1.) Plaintiff submits that the assigned Magistrate Judge had previously dealings with Plaintiff in case number 1:20-cv-091679-SAB (PC), and based on the prejudicial and bias recusal is warranted. (Id. at 2.)

Plaintiff did not file a formal affidavit as required under § 144. However, even if the Court construes Plaintiff's request as an affidavit, Plaintiff's request is substantively insufficient under § 144 because it fails to allege facts that would support the contention that the assigned magistrate judge has exhibited bias or prejudice directed towards Plaintiff from an extrajudicial source. See Sibla, 624 F.2d at 868 ("An affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source.").

Plaintiff's request simply alleges bias by the magistrate judge based on the magistrate judge's adverse rulings against Plaintiff as well as the purported manner in which the magistrate judge has handled Plaintiff's case. (ECF No. 8.) Plaintiff's motion for recusal fails to allege facts to support a contention that the undersigned has exhibited bias or prejudice directed towards Plaintiff from an extrajudicial source. Sibla, 624 F.2d at 868. Thus, Plaintiff does not provide a basis for recusal and the motion must be denied. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves ... [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.") (citation omitted). Accordingly, Plaintiff's request for recusal (ECF No. 8) should be denied.

### B.     Request to Remand Action Back to State Court

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removal statute is strictly construed, and Defendants bear the burden of establishing grounds for removal. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). As a threshold matter, courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction," Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted), and "federal

jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance,' " Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392.  Further, a plaintiff's "repeated references" to federal law in his state law cause of action "does not mean that [federal law] creates the cause of action under which [plaintiff] sues." Kripke v. Safeway, Inc., No. 3:18-cv-02808-WHO, 2018 WL 3491903, at *6 (N.D. Cal. July 20, 2018) (alterations in original) (quoting ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000)).

The removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal quotations and citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Plaintiff argues his Defendants have intentionally misstated the facts of Plaintiff's retaliation claim in order for the Court to have to screen the complaint pursuant to 28 U.S.C. § 1915A.[1]  (ECF No. 8 at 3.)  Plaintiff also asserts that he is at a disadvantage in federal court because he will not be appointed counsel and has a broken typewriter.[2]

Defendants argue that Plaintiff's "complaint, on its face, has allegations that pertain to two possible federal law claims, a retaliation and a due-process claim."  (ECF No. 11 at 2.)

---

[1] Plaintiff is prohibited from proceeding in forma pauperis in federal court, as he has suffered three or more strikes under 28 U.S.C. § 1915(g), unless he can demonstrate imminent danger of serious physical injury at the time of filing.  See, e.g., Thomas v. Sepulveda, No. 14-1157-CW, 2014 WL 5409064, at *1-4 (N.D. Cal. Oct. 23, 2014).

[2] The Court notes that these circumstances would appear to be no different if the case proceeded in state court.

Here, "unlawful and unsupported disciplinary rule violations by way of fabrication, falsification. . .and numerous punitive punishments and sanctions." (ECF No. 1 at 6.) More specifically, Plaintiff contends that Officer De La Cruz withheld his CD player, and staff retaliated against Plaintiff for raising the issue to De La Cruz's superiors by making false allegations resulting in a rule violation report. (Id. at 8-9, 16.) Plaintiff also alleges that Defendant J. Brown, E. Contreras, and M. McCollough "violated Plaintiff's due process right and refused to intervene to stop" J. Brown's abuse and verbal disrespect at Plaintiff's disciplinary hearing when Plaintiff request his hearing be conducted by specific staff members. (Id. at 10-11, 17-18.) Plaintiff has, by his allegations, brought § 1983 claims arising under federal law. This Court has federal-question jurisdiction over Plaintiff's claims under the United States Constitution and may exercise supplemental jurisdiction over any state law claims which arise out of the same factual allegations as his federal claims.3 See 28 U.S.C. § 1367.  The Court therefore finds that removal to federal court was proper and that Plaintiff's request to remand the matter to state court, should be denied.

## II.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's request to recuse the assigned Magistrate Judge be denied; and

2. Plaintiff's request to remand the action back to state court be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

---

[3] By this statement, the Court makes no findings as to whether Plaintiff's federal and/or state law claims state a cognizable claim for relief as the Court has yet to screen the operative complaint which will be done in due course. Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen complaints in which a prisoner seeks redress from "a governmental entity or officer or employee of a governmental entity." As employees of CDCR, Defendants are entitled to screening of Plaintiff's complaint.

parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 11, 2024**

UNITED STATES MAGISTRATE JUDGE