UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>  Plaintiff,<br><br>  v.<br><br>PAUL HERNANDEZ, et al.,<br><br>  Defendants. | No. 1:24-cv-00989-KES-SAB (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF'S REQUEST FOR REMAND<br><br>Docs. 8, 12 |

Plaintiff Edward Thomas initiated this action in Kern County Superior Court on June 27, 2024. Doc. 1, Ex. 1. Defendants removed this action to this court on August 21, 2024, asserting that this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff's claims arise under federal law. Doc. 1. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 9, 2024, plaintiff filed a request to remand the action back to the Kern County Superior Court. Doc. 8. Within plaintiff's request for remand, plaintiff also sought recusal of the assigned magistrate judge to this action. *Id.* at 2. Defendants filed an opposition on October 9, 2024. Doc. 11.

On October 11, 2024, the assigned magistrate judge issued findings and recommendations recommending plaintiff's motion for remand and request for recusal be denied. Doc. 12. Specifically, the findings and recommendations conclude that, by alleging "unlawful and unsupported disciplinary rule violations by way of fabrication, falsification. . .and numerous punitive punishments and sanctions" and that plaintiff's "due process right[s]" were violated, plaintiff brings § 1983 claims arising under federal law, affording this Court federal-question

1

1 jurisdiction over this case. *Id.* at 3-5.  The findings and recommendations further find that recusal of the magistrate judge would not be warranted, given that (1) plaintiff failed to file a formal affidavit as required under 28 U.S.C. § 144, and (2) even construing plaintiff's filing as an affidavit, the filing is legally insufficient as it fails to allege any facts that would allow a reasonable person to question the judge's impartiality.  *Id.* at 3.  The findings and recommendations were served on the parties and notified them that any objections were due within 14 days.  *Id.* at 5.  Neither party filed objections and the time to do so has passed.

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review of this case.  Having carefully reviewed the file, the Court declines to adopt the findings and recommendations as it finds defendants have failed to establish federal subject matter jurisdiction.

As the findings and recommendations note, a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  At issue here, is whether the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*  "The removal statute is strictly construed against removal jurisdiction," and defendants bear the burden of establishing that removal is proper.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

Here, defendants have failed to establish that the complaint sets forth a federal claim. Defendants argue that plaintiff's complaint "has allegations that pertain to two *possible federal law claims*, a retaliation and a due-process claim."  Doc. 11 at 2 (emphasis added).  However, plaintiff's complaint does not cite any federal statute or explicitly allege any federal claim.  Doc. 8.  While a due process claim and a retaliation claim could arise under federal law, such claims could also potentially arise under state law.  *See, e.g.*, Cal. Civ. Code § 52.1.  Moreover, plaintiff objects that

the complaint does not assert federal jurisdiction. *See generally id.* (arguing that defendants take plaintiff's claims in his complaint "out of . . . context" to attempt to support federal question jurisdiction). The removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal quotations and citations omitted). Because defendants have failed to meet their burden, this case should be remanded to state court for lack of jurisdiction. Given the Court's finding that this case should be remanded for lack of removal jurisdiction, the Court does not reach the merits of plaintiff's request for recusal of the assigned magistrate judge.

Accordingly, IT IS HEREBY ORDERED:

1. The Court declines to adopt the findings and recommendations issued on October 11, 2024 (Doc. 12).
2. Plaintiff's request for remand filed on September 9, 2024, Doc. 8, is granted.
3. Plaintiff's motion for recusal of the assigned magistrate judge, Doc. 8, is denied as moot.
4. This action is remanded to Kern County Superior Court.
5. The Clerk of the Court shall mail a copy of this order to the clerk of the Kern County Superior Court.
6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   December 9, 2024

UNITED STATES DISTRICT JUDGE